"O"
FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

OCT 23 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMOND D. MOORE, <br><br> Petitioner, <br> vs. <br> RANDY GROUNDS, Warden, <br><br> Respondent. | Case No. CV 12-8406-SJO (RNB) <br><br> ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

Petitioner is a California prisoner currently incarcerated at a state prison facility in Soledad, California. On September 28, 2012, he submitted for filing a document captioned "Notice of Appeal," which purported to be an appeal from the California Supreme Court's August 8, 2012 denial of petitioner's state habeas petition. Petitioner's "Notice of Appeal" was processed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In an order issued on October 3, 2012, the assigned Magistrate Judge noted that petitioner's "Notice of Appeal" had not been submitted on the form currently approved and supplied for habeas petitions by the Central District of California as required by Central District Local Rule 83-16.1. Moreover, the Magistrate Judge was unable to discern from the face of the "Notice of Appeal" what underlying state judgment of conviction was being challenged or what federal constitutional claims

were being made. The Magistrate Judge also noted that, if petitioner was challenging the same 2004 Los Angeles County Superior Court judgment of conviction as his prior habeas petition in Case No. CV 07-3159-SJO (RNB), the petition would be subject to summary dismissal under 28 U.S.C. § 2244(b) as a second or successive petition. For the foregoing reasons, the Magistrate Judge dismissed the "Notice of Appeal" with leave to amend. If petitioner still desired to pursue this action, he was ordered to file an amended petition on the approved Central District habeas form within thirty (30) days.

On October 15, 2012, petitioner filed an Amended Petition herein.[1] Concurrently, he filed a request to proceed in forma pauperis and a motion for appointment of counsel.

It appears from the face of the Amended Petition that it is directed to the same judgment of conviction as the prior habeas petition filed by petitioner in this Court on May 14, 2007, in Case No. CV 07-3159-SJO (RNB). On December 18, 2007, Judgment was entered in Case No. CV 07-3159-SJO (RNB) denying the habeas petition and dismissing the action with prejudice. Petitioner did not file a notice of appeal from that Judgment.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act") which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> *(1)    A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.*
>
> *(2)    A claim presented in a second or successive habeas corpus*

---

[1] Contrary to the instructions in the October 2, 2012 dismissal order, petitioner did not utilize the approved Central District habeas form.

> application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Thus, to the extent that petitioner is alleging any of the same claims as he alleged in Case No. CV 07-3159-SJO (RNB),[2] § 2244(b)(1) requires the dismissal of those claims. To the extent that petitioner also appears to be alleging new claims, it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of the Petition in this Court. Petitioner's failure to do so deprives the Court of subject matter jurisdiction to consider the Petition. See Cooper v. Calderon, 274 F.3d 1270,

---

[2] This would appear to be the case, at least in part, with respect to petitioner's sentencing error claim(s).

1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

IT THEREFORE IS ORDERED that this action be summarily dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[3]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: 10/19/12

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Presented by:

Robert N. Block
United States Magistrate Judge

---

[3] In view of the dismissal for lack of subject matter jurisdiction, petitioner's request to proceed in forma pauperis and his motion for appointment of counsel are denied as moot.

4